Filed 2/13/25  P. v. Scarbrough CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C100983 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF03222) |
| v. | |
| AMANDA ELAINE SCARBROUGH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Amanda Elaine Scarbrough has asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to Scarbrough, we affirm the judgment.

BACKGROUND

In December 2021, Scarbrough pleaded guilty to child endangerment in violation of Penal Code section 273a, subdivision (a).  In February 2022, the trial court suspended

1

imposition of sentence and placed her on probation for four years, subject to a number of terms and conditions.

In April 2022, Scarbrough admitted violating the terms of her probation by failing a drug test and failing to provide a urine sample for a subsequent drug test. The trial court reinstated her probation, required her to serve 60 days in jail, and required GPS monitoring as a new probation condition.

In September 2022, Scarbrough admitted violating the terms of her probation by failing to appear at a scheduled court hearing. The trial court ordered her to meet with a behavioral health specialist to formulate a treatment plan. In October 2022, Scarbrough's counsel declared a doubt regarding her competence to participate in the proceedings. The court suspended the proceedings and ordered a doctor to evaluate Scarbrough and prepare a report. After reviewing the report, the parties agreed that Scarbrough was competent to continue proceedings.

In November 2022, Scarbrough admitted violating the terms of her probation by failing to provide proof of enrollment in a child abuse prevention program, failing to enroll in an inpatient substance abuse program, and failing to appear at a scheduled court hearing. The trial court reinstated her probation, adding a number of conditions to help her track her progress toward completing a one-year inpatient substance abuse program. The court noted that it considered this program "one last chance" for Scarbrough to complete probation. Scarbrough agreed to waive the credit she had earned for time served in custody as a condition of being reinstated on probation.

In October 2023, a new defense attorney declared a doubt as to Scarbrough's competence to participate in the proceedings. The trial court again suspended proceedings and appointed a doctor to evaluate her. After reviewing the doctor's report, the court found her competent to proceed and reinstated proceedings in November 2023. Scarbrough then admitted violating the terms of her probation by being discharged from the inpatient substance abuse program. The program agreed to readmit her, so the court

2

released her, subject to the terms of her probation and subject to the conditions that a representative of the program pick her up from jail and take her directly to the program facility and that she meet with a behavioral health specialist and follow any directives, including taking prescribed medications. The court also directed the probation department to prepare a supplemental report for the hearing on Scarbrough's latest probation violation.

Later that month, the inpatient substance abuse program again terminated Scarbrough after she left her residence. The probation report concluded: "Given that [Scarbrough] either cannot, or will not participate, and follow through with the treatment options available, it is evident that she is not [amenable] to these treatment options. Further, she has been offered all the opportunities to succeed that probation can provide, but has failed and absconded each time. [¶] Given the aforementioned, reinstatement on probation cannot be recommended."

The trial court likewise concluded: "[Scarbrough] has been tried on probation in this matter and has failed." It revoked the grant of probation and sentenced her to the middle term of four years in prison for child endangerment. Scarbrough timely appealed the judgment.

DISCUSSION

Scarbrough's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Scarbrough was advised by counsel of her right to file a supplemental brief within 30 days from the filing of the opening brief. She has not filed a supplemental brief.

We have undertaken an examination of the record and conclude that there is no arguable error that would result in a disposition more favorable to Scarbrough.

# DISPOSITION

The judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
RENNER, J.

4